J-S70018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                            :           PENNSYLVANIA
                            :
            v.              :
                            :
                            :
JESUS VAZQUEZ               :
                            :
            Appellant       : No. 340 MDA 2017

Appeal from the Judgment of Sentence June 12, 2015
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002498-2014

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:                        **FILED MARCH 08, 2018**

Appellant, Jesus Vazquez, appeals *nunc pro tunc* from the judgment of

sentence entered following his entry of a guilty plea to one count of rape of a

child. After careful review, we vacate the trial court's order designating

Appellant as a Sexually Violent Predator (SVP), but otherwise affirm his

judgment of sentence, and remand for the trial court to advise him of his

obligations under Pennsylvania's Sex Offender Registration and Notification

Act (SORNA), 42 Pa.C.S. §§ 9799.10 *et seq*.

The trial court summarized the factual and procedural history of this

case as follows:

> On February 18, 2015, [Appellant] pled guilty to one (1)
> count of Rape of a Child, in violation of 18 Pa.C.S.A. § 3121(c).
> On June 12, 2015, this [c]ourt sentenced [Appellant] to a term of
> thirteen (13) to twenty-six (26) years in a State Correctional
> Institute.

On January 25, 2017, [Appellant] was granted leave to file a *nunc pro tunc* Notice of Appeal within thirty (30) days. On February 21, 2017, Attorney Carl J. Poveromo filed a *nunc pro tunc* Notice of Appeal on behalf of [Appellant]. On March 17, 2017, Attorney Poveromo filed a Concise Statement of Matters Complained of on Appeal.

Trial Court Opinion, 4/24/17, at 1.

Appellant presents the following issues for our review:

1. Did the Trial Court err and/or abuse its discretion in finding that [Appellant's] guilty plea was knowingly, intelligently and voluntarily made and in accepting [Appellant's] guilty plea to Rape of a Child, in violation of 18 Pa.C.S.A. § 3121(c), where the totality of the circumstances surrounding the plea show[s] [Appellant] did not understand the guilty plea and its consequences?

2. Did the Trial Court err and/or abuse its discretion by failing to consider mitigating circumstances, and by relying upon impermissible factors, including the seriousness of the crime and [Appellant's] national origin and immigration status, to justify imposing a manifestly excessive and unreasonable sentence and ordering [Appellant] to undergo incarceration in a state correctional facility for a minimum term of 156 months to a maximum term of 312 months (13 years to 26 years)?

Appellant's Brief at 4.

In his first issue, Appellant asserts that his plea of guilty to rape of a child was not entered knowingly, intelligently, and voluntarily. Appellant's Brief at 12. Appellant argues that the oral colloquy was deficient because even though the court asked Appellant if he was guilty of the crime, the trial court "never explained the elements of Rape of a Child." *Id.* at 15. Appellant contends that the written colloquy is likewise silent regarding the elements of the crime, maintaining that it merely states "sexual intercourse with a child." *Id.* As a result, Appellant posits that "there is no indication that [he]

- 2 -

understood the nature of the charge to which he pled guilty." *Id.* at 16. Furthermore, Appellant contends that the oral colloquy was deficient because the trial court did not present a factual basis underlying the plea, the Commonwealth did not indicate what evidence or witnesses would be produced to prove the offense, the court did not advise Appellant that he did not have to plead guilty, and that he was presumed innocent and had the right to a trial by jury. *Id.* Appellant further asserts that, "[a]lthough [he] signed a written guilty plea colloquy that informed him of his trial rights, it does not cure the defects in the oral colloquy conducted at the guilty plea hearing." *Id.* Appellant also argues that he pled guilty because he mistakenly believed that he would be deported to Mexico immediately after sentencing and would not be required to first serve prison time in Pennsylvania. *Id.* at 17-18. Additionally, Appellant maintains that he cannot speak or read the English language, and the trial court had an obligation to ensure that he understood his rights. *Id.* at 16-18.

We first consider whether Appellant has preserved this issue for our review. Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea. *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). This Court has explained that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to

employ either measure results in waiver." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-610 (Pa. Super. 2013); Pa.R.Crim.P. 720(A)(1). "Moreover, a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017).

Here, Appellant neither objected during his plea colloquy, N.T., 2/18/15, at 2-9, nor filed a motion to withdraw his guilty plea with the trial court. As such, the claim is waived. ***Lincoln***, 72 A.3d at 609-610. The fact that Appellant raised this claim in his Pa.R.A.P. 1925(b) statement is insufficient to cure the waiver. ***Monjaras-Amaya***, 163 A.3d at 469.

Furthermore, even if Appellant's issue had not been waived, we would conclude that it lacks merit. "Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa. Super. 2008). In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> 1)   Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> 2)   Is there a factual basis for the plea?
>
> 3)   Does the defendant understand that he or she has the right to a trial by jury?
>
> 4)   Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5)   Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

6)      Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

7)      Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590, cmt.; *Commonwealth v. Pollard,* 832 A.2d 517, 522–523 (Pa. Super. 2003).

As this Court has explained:

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences.  This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea.  Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011). Additionally, a written plea colloquy that is read, completed, and signed by the defendant, and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Commonwealth v. Morrison*, 878 A.2d 102, 108-109 (Pa. Super. 2005) (citing Pa.R.Crim.P. 590, cmt.).  "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing.  He bears the burden of proving otherwise." *Pollard*, 832 A.2d at 523 (internal citation omitted).

"Where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the

nature of the charges against him, the voluntariness of the plea is established." ***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa. Super. 2006). "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Yeomans***, 24 A.3d at 1047.

Here, the record belies Appellant's assertion that his plea was entered involuntarily, unknowingly, and unintelligently. First, Appellant executed a written plea agreement which advised him of all criteria outlined under Pa.R.Crim.P. 590 and indicated that Appellant entered the plea knowingly and voluntarily. Appellant completed the lengthy written guilty plea colloquy by initialing every paragraph. Guilty Plea Colloquy, 2/18/15, at 1-5. The written plea colloquy was translated into Spanish. ***Id.*** Appellant's argument that this colloquy was defective because paragraph twenty, which advised Appellant that he would be deported, was not translated to Spanish, Appellant's Brief at 18, fails. As outlined below, this issue was addressed during Appellant's oral colloquy, which was translated for Appellant. Moreover, at the sentencing hearing, which also was translated, Appellant's counsel stated: "[Appellant] is going to be deported back to Mexico upon the conclusion of his sentence." N.T., 6/12/15, at 12. Thus, we would conclude that the record supports the conclusion that Appellant understood that he would be required to serve his sentence in Pennsylvania prior to being deported.

Second, the trial court conducted a lengthy oral guilty plea colloquy with Appellant that covered the requirements set forth in Pa.R.Crim.P. 590, and the colloquy was translated by a Spanish interpreter. N.T., 2/18/15, at 1-9. With regard to Appellant's specific claim that the elements of the crime were not identified for him, we are constrained to disagree. Appellant was presented with the following identification of the charge: "Between June of 2012 and February 2013, in Lackawanna County, [Appellant] did engage in sexual intercourse with an individual with the initial[s] V.R.; date of birth, 4/5/02, on multiple occasions."[1] *Id.* at 7. The offense of rape of a child is defined as follows: "A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3121(c). Thus, the two elements of the crime, 1) sexual intercourse and 2) with an individual less than thirteen years of age, were set forth for Appellant. Moreover, Appellant admitted to committing that crime. *Id.* Thus, Appellant's argument that the elements of the crime were not identified for him fails. Moreover, the above recitation provided Appellant the factual basis for this charge, despite his assertion to the contrary.

---

[1] "A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3121(c).

The court also advised Appellant that by entering a plea, he was giving up his rights related to proceeding to trial. N.T., 2/18/15, at 5. Furthermore, it was made clear that entry of the plea would result in Appellant's deportation. *Id.* at 7-8. Were we to address this issue, we would conclude that Appellant's claim that his plea was not knowingly entered because he did not understand that he would have to serve a sentence in Pennsylvania before being deported to be disingenuous. The parties outlined the potential sentence in light of the plea, including the amount of the fine, the fact that Appellant would be required to register as a sex offender, and the time of incarceration. *Id.* at 5-6. If Appellant were not required to serve the sentence, such discussion would not have taken place, and Appellant would have been advised that he was being deported. Also, as noted above, this fact was stated at Appellant's sentencing hearing.

After the oral colloquy, the trial court, satisfied that Appellant's plea was being entered voluntarily, knowingly, and intelligently, accepted Appellant's plea. N.T., 2/18/15, at 8. As this Court has explained, a written colloquy that is read, completed, and signed by the defendant, and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Morrison*, 878 A.2d at 108-109. Considering the totality of circumstances surrounding the plea, the evidence reflects that Appellant knowingly, voluntarily, and intelligently entered his plea, and Appellant has failed to carry the burden of establishing otherwise. *Pollard*,

832 A.2d at 523. Accordingly, were we to consider Appellant's claim, we would deem it to lack merit.

In his second issue, Appellant asserts that the trial court erred or abused its discretion by failing to consider mitigating circumstances and by relying on impermissible factors to justify imposing a manifestly excessive and unreasonable sentence. Appellant's Brief at 20. Appellant contends that his sentence of 156 months to 312 months of imprisonment is severe, despite falling within the standard range. *Id.* at 21. Appellant asserts that the sentence is excessive as he "will be over forty-three years old and deported to Mexico when he finally emerges from prison. He will have to register as a sex offender under SORNA[2] for the remainder of his life." *Id.* Appellant further maintains that the Assistant District Attorney ("ADA") improperly referenced Appellant's immigration status as a ground for imposing an aggravated sentence. *Id.* at 23. Appellant argues that, although the trial court did not state its reliance on this factor in sentencing him, it failed to disavow the ADA's comments and "appears" to have relied on the information presented by the ADA, including Appellant's race, national origin and immigration status. *Id.* at 24. Accordingly, Appellant argues, his sentence must be vacated, and he must be resentenced. *Id.*

---

2 Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10-9799.41.

Appellant's issue challenges the discretionary aspects of his sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

We observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process." **Commonwealth v. Sierra**, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, Appellant timely filed an appeal and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Appellant, however, did not object to the sentence at the time of sentencing, N.T., 6/12/15, at 2-17, nor did he file a post-sentence motion raising this issue. As this Court has explained: "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Kittrell**, 19 A.3d 532, 538 (Pa. Super. 2011). Because Appellant failed to raise this issue either at sentencing or in a post-sentence motion, this issue is waived. **Kittrell**, 19 A.3d at 538.

Finally, we are compelled to *sua sponte* vacate an illegal aspect of Appellant's sentence, namely, the June 12, 2015 order deeming him an SVP. **See Commonwealth v. Batts**, 163 A.3d 410, 434 (Pa. 2017) ("[a] challenge to the legality of a particular sentence may be reviewed by any court on direct appeal; it need not be preserved in the lower courts to be reviewable and may even be raised by an appellate court *sua sponte*.").

Applying **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Alleyne v. United**

*States*, 570 U.S. 99 (2013), this Court, in *Commonwealth v. Butler*, 173

A.3d 1212 (Pa. Super. 2017), found that 42 Pa.C.S. § 9799.24(e)(3) of SORNA

is unconstitutional. The *Butler* Court concluded:

> As the sole statutory mechanism for SVP designation is constitutionally flawed, there is no longer a legitimate path forward for undertaking adjudications pursuant to section 9799.24. As such, trial courts may no longer designate convicted defendants as SVPs, nor may they hold SVP hearings, until our General Assembly enacts a constitutional designation mechanism. *Cf. Commonwealth v. Hopkins*, 632 Pa. 36,117 A.3d 247, 258–262 (2015) (finding that trial courts cannot impose mandatory minimum sentences until the General Assembly enacts a statute which provides a constitutional mechanism to determine if the defendant is subject to the mandatory minimum sentence). Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense.
>
> In sum, we are constrained to hold that section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt. Moreover, we are constrained to hold trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism. Instead, trial courts must notify a defendant that he or she is required to register for 15 years if he or she is convicted of a Tier I sexual offense, 25 years if he or she is convicted of a Tier II sexual offense, or life if he or she is convicted of a Tier III sexual offense.

*Butler*, 173 A.3d at 1218 (footnotes omitted). Here, Appellant was

determined to be an SVP under the now unconstitutional SVP mechanism.

In light of *Butler*, we are constrained to conclude that the June 12, 2015

order deeming Appellant an SVP is illegal. Accordingly, we vacate that portion

of the sentencing order, and remand Appellant's case for the trial court to determine under what tier of SORNA Appellant must register, and to provide him with the appropriate notice of his registration obligations under 42 Pa.C.S. § 9799.23. *See id.* at 1218.

Portion of sentencing order deeming Appellant an SVP vacated. Judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2018